# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KYLE MAKI,
                    Appellant,

                v.

DEPARTMENT OF JUSTICE,
                    Agency.

DOCKET NUMBER
SF-4324-15-0591-I-1

DATE: September 21, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kevin Byrnes, Esquire, Washington, D.C., for the appellant.

Marcia N. Tiersky, Esquire, Springfield, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301–4335) (USERRA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to VACATE the finding that the Board's remedial authority in hostile work environment claims under USERRA is limited, we AFFIRM the initial decision.

¶2 The agency appointed the appellant to the position of Criminal Investigator (Special Agent) for the agency's Drug Enforcement Administration in 1998. Initial Appeal File (IAF), Tab 9 at 15. He was initially appointed at a grade of GS-07, *id.*, but later received a number of promotions to ultimately reach his current grade of GS-13, *e.g.*, IAF, Tab 8 at 19. Throughout this time, until July 2015, the appellant also served in the U.S. Coast Guard Reserve, requiring that he attend numerous short drills and long deployments. *E.g.*, IAF, Tab 7 at 50.

¶3 In the instant appeal, the appellant alleged that the agency discriminated against him based on his military service when it: (1) initially hired him in 1998 as a GS-07 rather than as a GS-09; (2) transferred him from San Diego to Carlsbad in 2001 or 2002;[2] (3) transferred him to a nonenforcement position in

---

[2] Below, the appellant specifically identified this transfer as occurring in April 2001, while the prehearing summary simply listed it as occurring in 2001. IAF, Tab 6 at 7, Tab 28 at 2. However, the transfer appears to have occurred in September 2002. *Compare* IAF, Tab 26 at 170, 196 (Standard Form 50 (SF-50) dated May 2001 and SF-50 dated February 2002, both listing his duty station as San Diego), *with id.* at 181

the Asset Removal Group (ARG) in September 2005;[3] (4) subjected him to a hostile work environment from 2006 to 2009, including assigning him menial tasks and duties; (5) scored him unduly low on the Special Agent Promotion Program (SAPP) in 2012, resulting in his inability to be promoted; (6) did not select him for the position of GS-13 Special Agent Pilot three times in 2007; (7) did not select him for the position of GS-13 Special Agent Polygrapher in 2007 or 2008; (8) did not select him for the position of GS-13 Special Agent, International Training Division, in 2014; and (9) did not select him for GS-14 Group Supervisor twice in 2015. IAF, Tab 1, Tab 9 at 65, Tab 28 at 2; Petition for Review (PFR) File, Tab 3 at 14.

¶4    After holding the requested hearing, the administrative judge denied the request for corrective action, finding that the appellant failed to meet his burden under USERRA for any of the aforementioned claims. IAF, Tab 32, Initial Decision (ID). The appellant has filed a petition for review. PFR File, Tab 3. The agency has filed a response. PFR File, Tab 5.

¶5    There are two types of cases that arise under USERRA: reemployment cases under 38 U.S.C. §§ 4312-4318 and discrimination cases under 38 U.S.C. § 4311(a) and (b). *Bostwick v. Department of Agriculture*, 122 M.S.P.R. 269, ¶ 5 (2015). A reemployment claim arises under USERRA when an employee alleges that an agency has not met its obligations under 38 U.S.C. §§ 4312-4318 following his absence from civilian employment to perform uniformed service. *Rassenfoss v. Department of the Treasury*, 121 M.S.P.R. 512, ¶ 10 (2014). Unlike discrimination cases, an individual's rights under USERRA's reemployment provisions do not depend on the motivation for an agency's action

_____

(SF-50 documenting a reassignment in September 2002, where his duty station was listed as Carlsbad).

[3] Although the prehearing summary of issues identifies one of the appellant's claims as a "transfer[] to a non-enforcement position in the Asset Removal Group in 2004 or 2005," the SF-50 documenting this move lists it as a reassignment in September 2005. *Compare* IAF, Tab 28 at 2, *with* IAF, Tab 26 at 183.

(or inaction), and the agency bears the burden of proving that it met its statutory obligations. *Id.*

¶6        In contrast, an employee making a USERRA discrimination claim bears the initial burden of showing by a preponderance of the evidence that his military service was "a substantial or motivating factor" in the contested agency decision. *Sheehan v. Department of the Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001). An appellant may meet this burden by using direct or circumstantial evidence. *Id.* at 1014.  "Discriminatory motivation under USERRA may be reasonably inferred" from such circumstantial evidence as temporal proximity between the appellant's military activity and the adverse employment action, "inconsistencies between the proffered reason and other actions of the employer, an employer's expressed hostility towards members protected by the statute together with knowledge of the [individual's] military activity, and disparate treatment of certain [individuals] compared to other [individuals] with similar work records or offenses."  *Id.*  If an appellant meets his burden, then the burden shifts to the agency to prove that it took its action solely for "legitimate reasons."  *Id.*

Initial Appointment

¶7        In his petition for review, the appellant first reasserts his claim that the agency improperly appointed him at the GS-07 level, rather than at the GS-09 level, i.e., "claim (1)."  PFR File, Tab 3 at 4-7.  He argues that the agency erred by discounting the experience he gained through military service, experience that reportedly qualified him for the GS-09 level. *E.g.*, *id*.  However, we agree with the administrative judge's conclusion that the appellant failed to prove a USERRA violation.  ID at 5-7.

¶8        The appellant exclusively applied for his position at the GS-07 level.  IAF, Tab 9 at 17.  He was given the opportunity to apply for the GS-09 level, separately, but declined to do so.  ID at 5; IAF, Tab 30, Hearing Compact Disc 1 (HCD1) (testimony of the appellant).  Although the appellant alleges that the agency should have nevertheless appointed him at the GS-09 level, he has failed

to identify any evidence, other than his own testimony, to show that doing so was even permissible. PFR File, Tab 3 at 5; HCD1 (testimony of appellant).

¶9 As the administrative judge noted, a human resources professional testified that the agency considers and hires an applicant for only the position and grade for which he or she applies. ID at 6; HCD1 (testimony of M.W.). While the appellant reasserts that classmates with nonmilitary experience were appointed at the GS-09 level, he has failed to present any evidence that they, too, exclusively applied for the GS-07 level. PFR File, Tab 3 at 5; *cf.* IAF, Tab 9 at 58-64 (documentation of individuals receiving appointments to the Criminal Investigator position at the GS-09 level, some with and some without prior military service, near the time of the appellant's appointment to the same position at the GS-07 level). Accordingly, we discern no basis for disturbing the administrative judge's conclusion that the appellant failed to meet his burden of proving that his military service was a motivating factor in the agency appointing him to the GS-07 level.

Reassignments

¶10 The appellant next reasserts claims (2) and (3), in which he alleged that the agency violated USERRA by transferring or reassigning him on various occasions. PFR File, Tab 3 at 8-12. We agree with the administrative judge's conclusion that the appellant failed to prove any violation of USERRA's antidiscrimination provisions. ID at 7-8.

¶11 The appellant's military obligations have required extensive absences from his position with the agency. *E.g.*, IAF, Tab 26 at 194-95. For example, he was on leave for periods of active duty military service from approximately October 2001 to September 2002; January to November 2003; February to October 2004; and July to September 2005. *Id*. at 194-210. Throughout his tenure with the agency, the appellant also has been reassigned a number of times. *E.g.*, *id*. at 177. Some of those reassignments include ones in August 2001,

December 2001, September 2002, November 2004, and September 2005. *Id.* at 179-83.

¶12    The appellant suggests that the timing of his reassignments reflects an antimilitary animus and proves a violation of USERRA's antidiscrimination provisions. PFR File, Tab 3 at 10. As noted above, a discriminatory motive may be inferred by circumstantial evidence such as suspicious timing. *Sheehan*, 240 F.3d at 1014. However, "frequent changes in posts of duty" were a condition of the appellant's position, as reflected in the mobility agreement he signed upon his initial appointment. IAF, Tab 9 at 9. In addition, while some of the appellant's reassignments (and at least one promotion) have occurred during or just after periods of extensive military service, *e.g.*, IAF, Tab 26 at 172, 180−81, others have not, *e.g.*, *id.* at 179. Accordingly, we agree with the administrative judge's conclusion that the appellant failed to meet his burden of proving that his military service was a substantial or motivating factor in any of the agency's reassignment decisions. Without more, the appellant's assertions of suspicious timing are not persuasive under these circumstances.[4]

¶13    The appellant also asserts that the administrative judge should have addressed claims (2) and (3), concerning his reassignment to Carlsbad and his reassignment to the ARG under both the antidiscrimination and reemployment provisions of USERRA. PFR File, Tab 3 at 10-12. However, despite being given the opportunity, the appellant failed to raise any reemployment arguments below. *Compare* IAF, Tab 3 (providing the appellant with the jurisdictional burdens for both types of USERRA claims), *with* IAF, Tab 28 at 4-6 (prehearing summary,

---

[4] On review, the appellant argues that the administrative judge erred in finding that his failure to request a transfer out of the ARG weighed against his discrimination claim. PFR File, Tab 3 at 9, 14-15. We disagree. The administrative judge's analysis simply recognized that, although the appellant claimed that his assignment to the ARG was detrimental and reflected antimilitary animus, the allegation appeared inconsistent with evidence indicating that the ARG was a desirable assignment and the appellant's own failure to avail himself of options to transfer elsewhere. ID at 7.

providing the legal standards for both types of USERRA appeals, indicating that the appellant had not yet raised a reemployment allegation, and providing him with an opportunity to object). Therefore, we decline to consider this new argument raised for the first time on review. *See Crowe v. Small Business Administration*, 53 M.S.P.R. 631, 634-35 (1992) (recognizing that an issue is not properly before the Board where it is not included in the administrative judge's memorandum summarizing the prehearing conference, unless either party objects to the exclusion of that issue).

Nonselections

¶14    In claims (6) and (7), the appellant asserted that the agency violated USERRA when it failed to select him for Special Agent Pilot and Special Agent Polygrapher vacancies between 2007 and 2008. IAF, Tab 28 at 2. The administrative judge found no persuasive support for the allegations. ID at 8. She noted that, inter alia, the appellant did not present any evidence that he was more qualified than the selectees, that the selecting officials knew of his military service, or that the selectees lacked military service. ID at 8.

¶15    Claim (8) concerned the appellant's nonselection for an International Training vacancy in 2014. IAF, Tab 28 at 2. In denying this claim, the administrative judge noted that the selecting official testified, without contradiction, that he did not know the appellant was a military reservist. ID at 9; IAF, Tab 31, Hearing Compact Disc 2 (HCD2) (testimony of J.S.). She also noted that the selecting official presented legitimate bases for choosing the selectee for the vacancy. ID at 8; HCD2 (testimony of J.S.).

¶16    In claims (5) and (9), the appellant alleged that the agency erred in scoring him unduly low in its promotion program, the SAPP, and in not selecting him for a Group Supervisor vacancy. IAF, Tab 28 at 2. In part, SAPP scoring is derived from local management with personal knowledge of an individual. IAF, Tab 7 at 73. The remainder is derived from a 1-day assessment, as measured by persons at a central office without personal knowledge of the individual being assessed.

IAF, Tab 7 at 73, 75. The administrative judge denied claim (5), finding that the appellant received a perfect score from the local managers with personal knowledge of him and his military service. ID at 9. Although the appellant received a less than perfect score for his centralized assessment, the administrative judge found no reason to believe that the assessors were aware of his military service. ID at 9-10. She further found that claim (9) failed because, inter alia, the selecting official was not even aware that the appellant had applied for the vacancy; his application was excluded from consideration because of his SAPP score. ID at 11.

¶17    On review, the appellant has presented some arguments related to claims (5) to (9), but they are unavailing. For example, he argues that the agency failed to prove that he lacked the necessary qualifications for the Pilot and Polygrapher vacancies and failed to prove that those nonselections were based upon something other than antimilitary animus.[5] PFR File, Tab 3 at 13-14. However, it was the appellant's burden to prove discrimination, not the agency's burden to disprove it. *Sheehan*, 240 F.3d at 1013. He also argues that a former supervisor disliked him and could have influenced the nonselections. PFR File, Tab 3 at 14. Aside from this speculation though, the appellant presented no basis for concluding that his nonselection was motivated by his uniformed service. Concerning his SAPP rating, the appellant reasserts that a supervisor fought with his immediate manager in an attempt to lower the portion of the score derived from local management. *Id*. However, even if true, the record shows that the dispute was inconsequential; the appellant received a perfect score on that portion of his SAPP rating. *Id*.; *see* IAF, Tab 7 at 59-60, 79.

---

[5] Although the appellant also alleges that the agency's record retention concerning the Pilot vacancy was improper, he does not explain how any agency error evidences discriminatory animus. PFR File, Tab 3 at 13. Therefore, we find that his argument provides no basis for review.

¶18　　　In sum, we discern no basis for disturbing the administrative judge's finding that the appellant failed to prove that the nonselections at issue in claims (5) to (9) were motivated by his military service.  ID at 8-11.

Hostile Work Environment

¶19　　　The appellant lastly reasserts claim (4), which alleged that the agency subjected him to a hostile work environment in violation of USERRA.  PFR File, Tab 3 at 16-24.  He argues that antimilitary animus is rampant at the agency.  PFR File, Tab 3 at 17-18.  Examples he provides in support of purported antimilitary animus include the previously discussed reassignments and the dispute concerning his SAPP score.  *Id.*  Others include allegations that the agency threatened him with an absence without leave charge if he did not return to work immediately after one of his deployments,[6] and assigned him menial tasks upon his return.  *Id.*  He also alleged that numerous other reservists have similarly accused management officials within the San Diego division of creating a hostile work environment.  *Id.*

¶20　　　In the initial decision, the administrative judge first indicated that the Board is effectively limited to addressing a current hostile work environment claim under USERRA in the absence of lost wages or benefits.  ID at 11-12.  The appellant alleges that this was an unduly narrow view of the Board's ability to address hostile work environment claims.  PFR File, Tab 3 at 19-24.  We agree and modify the initial decision accordingly, but find that the claim still fails.

¶21　　　The Board's remedial authority under USERRA derives from 38 U.S.C. § 4324(c)(2), which authorizes the Board to enter an order requiring an agency to comply with the provisions of USERRA and to compensate an appellant for any loss of wages or benefits suffered by reason of such lack of compliance.  *Johnson*

---

[6] The appellant now asserts that the Board should consider this claim under USERRA's reemployment provisions.  PFR File, Tab 3 at 16-17.  However, like his other new reemployment arguments, we will not consider this claim because he failed to raise it below.  IAF, Tab 28 at 4, 6; *see supra* ¶ 13; *see also Crowe*, 53 M.S.P.R. at 634-35.

*v. U.S. Postal Service*, [121 M.S.P.R. 101](), ¶ 11 (2014). Therefore, in some cases, the Board is unable to provide any effective remedy for past violations. *See, e.g.*, *id*. (dismissing a USERRA allegation for failure to state a claim upon which relief can be granted because the Board could not remedy the since-retired appellant's denial of a lateral reassignment); *Hudson v. Department of Homeland Security*, [104 M.S.P.R. 223](), ¶ 8 (2006) (finding that the Board could provide no relief for an alleged USERRA violation concerning military leave because the appellant had not alleged that he lost any wages or other compensation and it would have no effect to order the agency to comply with USERRA since he had left the agency). However, we decline to adopt the administrative judge's per se rule that there is no basis for relief in the absence of current harassment, lost wages, or lost benefits, and we vacate this finding.

¶22      In any event, the appellant's hostile work environment claim still fails. *See Panter v. Department of the Air Force*, [22 M.S.P.R. 281](), 282 (1984) (recognizing that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). To prove a hostile work environment under USERRA, the appellant had to demonstrate that he was subjected to a pattern of ongoing and persistent harassing behavior based on his military service that was sufficiently severe or pervasive to alter the terms and conditions of employment. *Kitlinski v. Department of Justice*, [123 M.S.P.R. 41](), ¶ 19 (2015).

¶23      The administrative judge considered the appellant's allegations, but found that he failed to show that his military service was a motivating factor in any of the alleged actions underlying his hostile work environment claim. ID at 12-14. On review, the appellant argues that the administrative judge erroneously ignored his assertions that other reservists were subject to discrimination or overheard discriminatory comments from agency managers. PFR File, Tab 3 at 17-18. We disagree. The administrative judge properly considered the allegations, but found that the appellant had merely presented second-hand comments and the

unsubstantiated allegations of others, neither of which proved that the appellant was subject to a hostile work environment based upon his military service. ID at 12-13. Despite his reassertion of the claim, generally, the appellant has not identified any persuasive evidence to prove that he was subjected to a hostile work environment based on his military service.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.